**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WISESEA INC., and CLICKCLICK LIMITED, <br><br> *Plaintiffs*, <br><br> v. <br><br> John Doe, <br> *Defendant*. | **CASE NO. 1:26-cv-3185** <br><br> **Jury Demand** |

**COMPLAINT**

Plaintiffs WISESEA INC., and CLICKCLICK LIMITED (collectively, "Plaintiffs"), by and through their counsel, hereby files this Complaint against Defendant John Doe ("Defendant"), and allege as follows:

**INTRODUCTION**

1.      This is an action for trademark infringement, false designation of origin, and cybersquatting under the Lanham Act (15 U.S.C. §§1114, 1125(a), and 1125(d)) arising from Defendant's operation of a commercial website that copies Plaintiffs' product images and branding and falsely presents the website as affiliated with Plaintiffs.

**PARTIES**

2.      Plaintiff WISESEA INC.. is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Washington, United States. WISESEA INC.. owns rights in the ELEPHAS brand, including the federally registered ELEPHAS trademark.

1

3.     Plaintiff CLICKCLICK LIMITED operates the official ELEPHAS website located at https://elephas.com.hk/.

4.     Both WISESEA INC.. and CLICKCLICK LIMITED market and sell ELEPHAS-branded products worldwide. For purposes of this Complaint, WISESEA INC.. and CLICKCLICK LIMITED are collectively referred to herein as "Plaintiffs."

5.     Defendant is an individual, entity, or association whose true name, identity, and place of residence are presently unknown to Plaintiffs. Defendant is therefore sued herein under the fictitious name "John Doe," as the registrant or operator of the domain name elephasprojector.com.

6.     Defendant operates the website located at https://elephasprojector.com, which markets and offers for sale products using the ELEPHAS mark and reproduces product images from Plaintiffs' Amazon listings, thereby falsely suggesting affiliation with or authorization from Plaintiffs.

7.     Plaintiffs will seek expedited discovery to identify Defendant, including subpoenas to domain registrars, hosting providers, and payment processors.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d).

9.     Defendant operates an interactive commercial website, accessible to consumers in the United States, through which Defendant offers for sale products bearing the ELEPHAS mark and reproduces Plaintiffs' product images, including images from Plaintiffs' Amazon listings that display the ELEPHAS trademark on the product itself or otherwise identify the products as ELEPHAS-branded, thereby falsely suggesting affiliation with or authorization from Plaintiffs.

10. Defendant's Infringing Website permits consumers in Illinois to place products bearing the ELEPHAS mark into an online shopping cart, proceed to checkout, enter Illinois billing and shipping information, review pricing and shipping terms, and select payment options, including credit card and PayPal payment. These features demonstrate that Defendant operates an interactive commercial website directed to consumers in Illinois and throughout the United States. *See* Exhibit G.

11. Through the operation of the Infringing Website and the offering of infringing goods to consumers in the United States, including consumers in Illinois, Defendant has purposefully directed infringing and unfairly competitive conduct toward the United States market, including this District.

12. Defendant's actions have caused and continue to cause harm to Plaintiffs' trademark rights, business reputation, and goodwill in the United States, including within this District.

13. To the extent Defendant is not subject to personal jurisdiction in any state's courts of general jurisdiction, this Court may exercise personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2), because Plaintiffs' claims arise under federal law and Defendant has sufficient contacts with the United States as a whole through the operation of the Infringing Website and the offering of infringing products to U.S. consumers.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(c)(3) because Defendant is an unknown or foreign defendant who may be sued in any judicial district.

15. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, including

the marketing and offering for sale of infringing products through the interactive website directed to consumers in this District.

**FACTS**

16.     Plaintiff WISESEA INC.. is the owner of the federally registered trademark ELEPHAS, including U.S. Trademark Registration No. 5,071,515 (the "ELEPHAS Mark"), registered with the United States Patent and Trademark Office. *See* Exhibit A.

17.     Plaintiffs have used the ELEPHAS Mark in commerce in connection with projectors and related electronic products and have developed substantial goodwill associated with the mark.

18.     Plaintiff CLICKCLICK LIMITED operates the official ELEPHAS website located at https://elephas.com.hk, through which ELEPHAS-branded products are marketed and promoted to consumers worldwide, including consumers in the United States. *See* Exhibit B.

19.     Plaintiffs also sell ELEPHAS-branded products through authorized online marketplaces, including Amazon, where the products are displayed using product photographs and marketing materials created or authorized by Plaintiffs. Each product image either prominently displays the ELEPHAS trademark on the product itself or otherwise clearly identifies the product as an ELEPHAS-branded product. *See* Exhibit D for Plaintiffs' Amazon product pages for Products 1–7, each labeled accordingly.

20.     Defendant operates the website located at https://elephasprojector.com (the "Infringing Website"). *See* Exhibit E.

21.     Upon information and belief, the domain elephasprojector.com is registered through NameSilo, and the registration records list an email address for Defendant. Additionally, Defendant operates a customer support email at support@elephasprojector.com, which is used in

connection with the operation of the Infringing Website and the sale of infringing products. *See* Exhibits C, E.

22. The Infringing Website prominently uses the ELEPHAS mark and markets products identified as ELEPHAS projectors.

23. The Infringing Website offers multiple products using the ELEPHAS name and branding, including, without limitation, the following projectors: "ELEPHAS Smart 4K Projector," "ELEPHAS DLP Portable Projector," "ELEPHAS 2023 Upgraded 1080P HD Projector," "ELEPHAS Outdoor Movie Projector 4K," "ELEPHAS Mini WiFi Projector for iPhone 2023," "ELEPHAS Mini Projector 7000L," and "ELEPHAS 4K Smart Projector with Google TV," offered for sale to consumers. *See* Exhibit D for Plaintiffs' Amazon product pages for Products 1–7, and Exhibit F for screenshots of the corresponding products as displayed on the Infringing Website. Each product is labeled sequentially within the Exhibits for reference.

24. The Infringing Website further represents that such products are sold with features including worldwide shipping, customer support, order tracking, and warranty services.

25. The Infringing Website includes marketing language, product descriptions, and website features that falsely present the website as an official or authorized ELEPHAS website.

26. For example, the Infringing Website advertises projectors under the ELEPHAS name and provides purchasing options, including "Add to Cart" and "Buy Now," thereby offering the products for sale directly to consumers. *See* Exhibit E.

27. The Infringing Website permits consumers located in Illinois to add products bearing the ELEPHAS mark to an online shopping cart, proceed to checkout, enter Illinois billing and shipping information, review pricing and shipping terms, and select payment options, including credit card and PayPal payment. *See* Exhibit G.

5

28. The Infringing Website further provides customer service information, order tracking functionality, and promotional content designed to give the appearance of a legitimate brand-operated e-commerce website.

29. Defendant has copied and reproduced product images and marketing materials from Plaintiffs' authorized Amazon listings.

30. Defendant has copied and reproduced product images and marketing materials from at least seven of Plaintiffs' authorized Amazon listings. Many of the copied images are identical or substantially identical to the originals; some prominently display the ELEPHAS trademark on the product itself, and all images depict products sold under the ELEPHAS brand.

31. By reproducing these product images, Defendant falsely presents the products offered on the Infringing Website as genuine ELEPHAS products or as products affiliated with or authorized by Plaintiffs.

32. Defendant's use of the ELEPHAS mark and Plaintiffs' product images in connection with the Infringing Website is unauthorized and has not been licensed or approved by Plaintiffs.

33. Defendant's reproduction of Plaintiffs' Amazon product images reinforces the misleading impression that the Infringing Website is an official ELEPHAS website.

34. Defendant registered and uses the domain name elephasprojector.com, which incorporates the distinctive ELEPHAS mark in its entirety.

35. Defendant's registration and use of the domain name elephasprojector.com was undertaken with the intent to exploit the goodwill associated with the ELEPHAS Mark and to divert consumers seeking Plaintiffs' genuine products.

36. Defendant's actions are likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of the products offered through the Infringing Website.

37. Defendant's actions have caused and continue to cause harm to Plaintiffs, including damage to Plaintiffs' reputation, goodwill, and trademark rights.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

38. Plaintiff WISESEA INC.. hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

39. Plaintiff WISESEA INC.. owns valid and subsisting federal trademark rights in the ELEPHAS Mark, including U.S. Trademark Registration No. 5,071,515.

40. Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of the ELEPHAS Mark in connection with the advertising, marketing, offering for sale, and sale of goods without Plaintiff WISESEA INC..'s authorization.

41. Defendant's use of the ELEPHAS Mark is likely to cause confusion, mistake, or deception among consumers as to the source, affiliation, sponsorship, or approval of Defendant's goods.

42. Defendant's acts constitute trademark infringement in violation of 15 U.S.C. §1114.

43. Defendant's use of the ELEPHAS Mark in connection with the advertising, offering for sale, and sale of goods constitutes use of a counterfeit mark within the meaning of 15 U.S.C. § 1116(d).

44. Unless enjoined by this Court, Defendant will continue to cause irreparable injury to Plaintiff WISESEA INC.. and to the consuming public.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. §1125(a))

45. Plaintiff WISESEA INC.. and Plaintiff CLICKCLICK LIMITED, the operator of the official ELEPHAS website, hereby re-allege and incorporate by reference the allegations set

forth in the preceding paragraphs as if fully set forth herein.

46.     Plaintiff WISESEA INC.. owns valid and subsisting federal trademark rights in the ELEPHAS Mark, including U.S. Registration No. 5,071,515.

47.     Defendant has used in commerce reproductions, copies, or colorable imitations of the ELEPHAS Mark, product images, and marketing materials in connection with the advertising, promotion, offering for sale, and sale of projectors on the Infringing Website, including materials copied from Plaintiffs' product listings.

48.     Many of the copied images displayed on the Infringing Website prominently feature the ELEPHAS trademark on the product itself, and all images depict products sold under the ELEPHAS brand.

49.     Defendant's use of the ELEPHAS Mark, product images, and marketing materials is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Defendant's goods.

50.     Defendant's acts constitute false designation of origin and unfair competition in violation of 15 U.S.C. §1125(a).

51.     Unless enjoined by this Court, Defendant will continue to cause irreparable injury to Plaintiff WISESEA INC.., including damage to its trademark rights, reputation, and goodwill, and to Plaintiff CLICKCLICK LIMITED, including diversion of sales and harm to its commercial interests, as well as ongoing confusion among consumers.

### COUNT III
### CYBERSQUATTING (15 U.S.C. §1125(d))

52.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

53.     The ELEPHAS Mark is distinctive and entitled to protection under federal

trademark law.

54.     Defendant registered, trafficked in, or used the domain name elephasprojector.com.

55.     The domain name elephasprojector.com is confusingly similar to Plaintiffs' ELEPHAS Mark because it incorporates the mark in its entirety and is virtually identical to the dominant word element of the mark.

56.     Defendant registered and used the domain name elephasprojector.com with a bad faith intent to profit from the goodwill associated with the ELEPHAS Mark, including by diverting consumers seeking Plaintiffs' genuine ELEPHAS products and misleading them into believing the Infringing Website is affiliated with Plaintiffs.

57.     Defendant's bad faith intent is evidenced by, among other things:

 a. The domain name incorporates the distinctive ELEPHAS Mark in its entirety;

 b. Defendant operates a website offering for sale multiple ELEPHAS-branded products using images and marketing materials copied from Plaintiffs' Amazon listings, some of which prominently display the ELEPHAS trademark on the product itself;

 c. Defendant's website reproduces Plaintiffs' product images, marketing materials, and promotional content, and mimics the structure and appearance of Plaintiffs' official ELEPHAS website located at https://elephas.com.hk, including features such as customer support, order tracking, product descriptions, and purchasing functionality like "Add to Cart" and "Buy Now";

 d. Defendant uses a customer support email address at support@elephasprojector.com in connection with the operation of the Infringing Website and the offering of infringing products;

 e. Defendant knowingly targeted consumers in the United States, including consumers in Illinois, and sought to capitalize on Plaintiffs' brand recognition and goodwill;

9

f. Defendant's actions have caused consumer confusion, diverted consumers from Plaintiffs' authorized sales channels, and harmed Plaintiffs' reputation and goodwill.

g. These actions enhance the likelihood that consumers will be misled into believing the Infringing Website is authorized by or affiliated with Plaintiffs.

58. Defendant's actions constitute cybersquatting in violation of 15 U.S.C. §1125(d).

59. Unless enjoined by this Court, Defendant will continue to harm Plaintiff WISESEA INC.. by diverting consumers, causing confusion, and interfering with the goodwill associated with the ELEPHAS Mark, and will continue to harm Plaintiff CLICKCLICK LIMITED by interfering with its commercial activities and authorized sales of ELEPHAS-branded products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

A. Declare that Defendant's conduct constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin and unfair competition under 15 U.S.C. § 1125(a), and cybersquatting under 15 U.S.C. § 1125(d);

B. Enter preliminary and permanent injunctive relief prohibiting Defendant and all persons acting in concert or participation with Defendant from:

(i) using the ELEPHAS Mark or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar designation in connection with the advertising, marketing, offering for sale, or sale of any goods or services;

(ii) using Plaintiffs' product images, branding, marketing materials, or website content;

(iii) representing, directly or indirectly, that Defendant or Defendant's goods or services are affiliated with, sponsored by, approved by, or authorized by Plaintiffs; and

10

(iv) registering, using, linking to, controlling, operating, transferring, or otherwise exercising ownership over elephasprojector.com or any domain name incorporating the ELEPHAS Mark or any confusingly similar designation;

C. Order that the domain name elephasprojector.com be transferred to Plaintiffs, and direct NameSilo, LLC, together with any relevant registry, registrar, or other person or entity with custody or control over the domain name, to take all steps necessary to effectuate the transfer;

D. Award Plaintiffs statutory damages for Defendant's use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c), in an amount the Court deems just;

E. Award Plaintiffs statutory damages under 15 U.S.C. § 1117(d) in an amount the Court deems just, up to $100,000 for the infringing domain name elephasprojector.com;

F. Order third-party service providers, including domain registrars, hosting providers, and payment processors (including PayPal), to cease providing services to Defendant;

G. Award Plaintiffs reasonable attorneys' fees to the extent permitted by law; and

H. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Date: March 20, 2026

/s/ Jie Li

Jie Li, Esq.
GLACIER LAW LLP
251 S Lake Avenue, Suite 910
Pasadena, CA 91101
jie.li@glacier.law
626-750-0040

***Attorney for Plaintiff***